IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KENNETH DANIEL PALMER, #224480          *
          Plaintiff,
     v.                                 *      CIVIL ACTION NO. JKB-15-1669

POLICE OFFICER KEITH TATE #5906         *
          Defendant.

                                    *****

MEMORANDUM

## I.  Background

On June 9, 2015, plaintiff Kenneth Daniel Palmer ("Palmer") filed a Fourth Amendment

complaint against Baltimore City Police Officer Keith Tate[1] pursuant to 42 U.S.C. § 1983, seeking

compensatory and punitive damages.  Palmer claimed that the officer falsely charged, arrested and

imprisoned him on a "fabricated" second-degree assault charge, resulting in a parole violation.  ECF

No. 1.   Palmer contends that the assault charge was dropped in December of 2013.

On December 4, 2015, counsel for defendant filed an unopposed[2] motion for summary

judgment.  ECF No. 14.  The motion may be determined on the pleadings and shall be granted

without oral hearing.  *See* Local Rule 105.6 (D. Md. 2014).

## II.  Standard of Review

Summary judgment is proper when the moving party demonstrates  through "particular parts

of materials in the record, including depositions, documents, electronically stored information,

affidavits or declarations, stipulations ..., admissions, interrogatory answers, or other materials," that

"there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter

---

[1]      The docket shall be amended to reflect the correct spelling of defendant's name.

[2]      The record shows that on December 8, 2015, Palmer, who has been released from
confinement,  was served with notice of the dispositive motion filing pursuant to the requirements of *Roseboro*

of law." Fed. R. Civ. P. 56(a), (c)(1)(A); *see Baldwin v. City of Greensboro,* 714 F.3d 828, 833-34 (4th Cir. 2013). If the party seeking summary judgment demonstrates that there is no evidence to support the nonmoving party's case, the burden shifts to the nonmoving party to identify evidence that shows that a genuine dispute exists as to material facts. *See Celotex v. Catrett,* 477 U.S. 317 (1986). The existence of only a "scintilla of evidence" is not enough to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251 (1986).

The "judge's function" in reviewing a motion for summary judgment is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249. If "the evidence is such that a reasonable jury could return a verdict" for the non-moving party, there is a dispute of material fact that precludes summary judgment. *Id.* at 248. Therefore, on those issues on which the nonmoving party has the burden of proof, it is his or her responsibility to confront the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial. *Id.* at 256.

## III. Discussion

### Facts

Palmer states that on July 1, 2013, Police Officer Keith Tate falsely charged, arrested, and imprisoned him for second-degree assault so as to justify the "brutality" of his assault on Palmer. ECF No. 1. He seemingly alleges that Tate's statements proffered in the police report regarding Palmer's flight from law enforcement and his aggressive stance were not true, but were made to justify Tate's actions in striking and tackling Palmer. Palmer claims that the charges were filed to cover up Tate's wrongdoing. *Id.*

---

*v. Garrison*, 528 F.2d 309 (4th Cir. 1975). ECF No. 16. No opposition or response was filed.

In his unopposed summary judgment motion, Tate affirms that on June 30, 2013, he and another Baltimore City Police Officer, Jeffrey Milles, responded to a Hess gasoline station located at 5128 Reisterstown Road for a report of a robbery.  ECF No. 14-2.  The officers were advised by Northwest District dispatch that a Black male in a wheelchair was robbed of $20.00 by a Black male wearing a gray tee shirt and black shorts, who fled on foot eastbound on Garrison Avenue.  Tate spoke with a wheelchair-bound man at the Hess station, who confirmed that he was robbed by a tall Black male wearing a gray tee-shirt and black shorts who had fled east on foot on Garrison Avenue. *Id.*

Milles observed an individual matching the description walking eastbound in the 3900 block of Garrison Avenue.  Milles exited the marked police vehicle and approached the man, who was later identified as plaintiff Kenneth Palmer, to conduct a field interview in reference to the robbery. Palmer initially stopped and spoke with Milles, but when Milles asked for identification, Palmer ran from Milles.  Milles followed Palmer on foot, believing that he was the robbery suspect.  *Id*.   He ordered Palmer to stop, but Palmer continued to run.  Milles caught up to Palmer and a physical altercation occurred.[3]   In the course of that altercation, Milles used "closed hand strikes" to gain control of Palmer.  Milles handcuffed and transported Palmer to the Central Booking and Intake Facility.  Tate remained with the victim during the occurrence and only briefly left the victim's location to assist Milles in apprehending Palmer but did not take part in any use of force.  Milles charged Palmer with second-degree assault in the District Court for Baltimore City.  Palmer prayed a jury trial and the case was transferred to the Circuit Court on August 12, 2013.  The charge was nolle

---

[3]       The police report indicates that when Milles caught up to Palmer in the rear alley of the 3700 block of Garrison Avenue, Palmer balled his fist and reared it back in an attempt to strike Milles.  ECF No. 14-2.

prossed on February 5, 2014.  *State v. Palmer*, Case No. 813224017 (Circuit Court for Baltimore City).  *See* http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?

### Legal Analysis

In order to sustain his § 1983 claim, Palmer must prove that he was deprived of a constitutional right by a defendant acting under color of state law.  *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 150 (1970).  It is well-settled that Palmer must establish that Tate was personally involved in the deprivation of his constitutional rights in order to sustain a claim under § 1983.  *Wright v. Collins,* 766 F.2d 841, 850 (4th Cir. 1985).

"[T]he Fourth Amendment right to be arrested only on probable cause is clearly established ..."  *Smith v. Reddy,* 101 F.3d 351, 356 (4th Cir. 1996).  As a general rule, in cases involving a seizure of a person, the standard of "reasonableness" typically is satisfied by a showing that the police had probable cause to conclude that the individual seized was involved in criminal activity. *Dunaway v. New York,* 442 U.S. 200, 213–14 (1979). This standard of probable cause constitutes "the minimum justification necessary to make the kind of intrusion involved in an arrest 'reasonable' under the Fourth Amendment." *Id.* at 208.  "[A]n official seizure of the person must be supported by probable cause, even if no formal arrest is made." *Michigan v. Summers,* 452 U.S. 692, 696 (1981) (citing *Dunaway,* 442 U.S. at 212–13).  Probable cause is determined at the time of arrest.  *See Pritchett v. Alford,* 973 F.2d 30, 312 (4th Cir.1992) (stating that inquiry should be made based on the information possessed by the officer at the time of the arrest).  The government bears the burden of demonstrating that a warrantless seizure is reasonable.  *See Welsh v. Wisconsin,* 466 U.S. 740, 749–50 (1984); *Vale v. Louisiana,* 399 U.S. 30, 35 (1970); *United States v. Jeffers,* 342 U.S. 48, 51 (1951).

Probable cause is evaluated by the totality of the circumstances, and it is a "practical, nontechnical conception." *Illinois v. Gates,* 462 U.S. 213, 230–31 (1983); *Brinegar v. United States,* 338 U.S. 160, 175–76 (1949). Moreover, it is "a fluid concept - turning on the assessment of probabilities in particular factual contexts - not readily, or even usefully, reduced to a neat set of legal rules." *Illinois,* 462 U.S. at 232.

Moreover, claims of excessive force during an arrest or investigatory stop are examined under the Fourth Amendment's objective reasonableness standard. *See Graham v. Connor*, 490 U.S. 386, 395 (1989). This "requires balancing the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion." *Tennessee v. Garner*, 471 U.S. 1, 8 (1985) (citation omitted). Factors to be included in making this determination include the severity of the crime, whether there is an immediate threat to the safety of the officer or others, and whether the subject is resisting arrest or attempting to flee. *See Graham*, 490 U.S. at 396. The determination is to be made "from the perspective of a reasonable officer on the scene." *Id.* "The Constitution simply does not require police to gamble with their lives in the face of a serious threat of harm," *Elliot v. Leavitt*, 99 F.3d 640, 641 (4th Cir. 1996), and "[t]he right to make an arrest carries with it the right to use the amount of force that a reasonable officer would think necessary to take the person being arrested into custody." *Martin v. Gentile*, 849 F.2d 863, 869 (4th Cir. 1988).

According to the unopposed record, Tate had no involvement in the charges filed against Palmer and only arrived on the arrest scene to assist Mille in apprehending Palmer after briefly leaving the victim. Without deciding whether the use of force employed or charges filed against Palmer were reasonable or supported by probable cause, the court finds that he has failed to set out a

Fourth Amendment claim against Tate.

### IV.  CONCLUSION

Tate's motion for summary judgment shall be granted.  A separate Order shall be entered reflecting the ruling entered in this decision.


Date: January 7, 2016                                    _____/s/_____
                                                                    James K. Bredar
                                                                    United States District Judge